Gharkey *v.* Garst.

the mortgage, at that time, so as to enable the assignee to sue in his own name; and therefore he should have been a party to answer to the assignment, &c. It is a sufficient answer to this, that the assignment of the note—the evidence of the debt—carried with it the security, the mortgage.

The defendant applied for a change of venue to another county, which was granted upon payment of costs, &c. At the next term of the Court, the defendant had not perfected his change—had not complied with the condition by paying the costs and filing a transcript within the time specified. He had lost his right to the change, under that application, and the Court was not, as he supposes, deprived of jurisdiction, and was, so far as we can see, right in proceeding to the trial in the absence of any sufficient reason to prevent it.

It is now, for the first time, objected here, that a copy of the mortgage does not appear in the record. No such question was made in any form in the Court below, and whether it could be raised here now, we need not say, as an amended record supplies the defect.

*Per Curiam.*—The judgment is affirmed, with 3 per cent. damages and costs.

*Robert Parrett* and *A. B. Kennedy*, for the appellant.

———————

### Gharkey *v.* Garst.

APPEAL from the *Delaware* Circuit Court.

*Per Curiam.*—The judgment in this case is reversed for the reasons given in the case of *Heaston* v. *The Board of Commissioners of Randolph Co.*, at the present term.

*Morel, Brotherton & Sheply*, for the appellant.

*Sample & Smith*, for the appellee.